UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK HALL AND CRAIG LAKE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CV-S-04-1020-PMP (LRL)<br><br>O R D E R |

Presently before this Court is Plaintiffs' Motion for Leave to Amend Complaint (Doc. #22), filed on July 22, 2005. Defendant United States of America ("United States") filed Federal Defendants Response to Plaintiff's Motion for Leave to Amend Complaint (Doc. #25) on August 1, 2005. On August 8, 2005, Plaintiffs filed a Motion to Alter or Amend Judgment (Doc. #26). Defendant United States filed Federal Defendant's Response in Opposition to Motion to Amend Judgment (Doc. #27) on August 25, 2005. Plaintiffs filed an Amended Motion to Alter or Amend Judgment and Substituted Third Amended Complaint or Alternative Motion to Vacate the Judgment of Dismissal (Doc. #28) on October 3, 2005. Defendant United States filed Federal Defendant's Response in Opposition to Plaintiffs' Substitute Third Amended Complaint (Doc. #31) on November 18, 2005.

///

///

///

## I.  BACKGROUND

Plaintiffs are victims of a Ponzi scheme operated by Franklyn Perry ("Perry") while he was on parole and working as an informant for the Federal Bureau of Investigations ("FBI"). (Second Am. Compl. (Doc. #6) at ¶¶ 9-10.) According to the Second Amended Complaint, the FBI "assisted Perry in being able to present himself as successful, of good reputation, and without nefarious criminal or civil records" as part of the FBI's efforts to use Perry as an informant. (Id. at ¶ 12.) The Second Amended Complaint further alleged Perry was on parole during the time he operated the Ponzi scheme, and despite the United States Parole Commission's ("USPC") duty to supervise him while on parole, the USPC "failed to detect or report the scheme." (Id. at ¶ 13.) Plaintiffs alleged the FBI and USPC negligently supervised Perry while on parole and while acting as an informant, and had these agencies properly supervised him, Perry would not have been able to run the Ponzi scheme through which Plaintiffs lost money. (Id. at ¶¶ 14-791.) Plaintiffs thus brought suit against Defendant United States under the Federal Tort Claims Act ("FTCA") for the FBI and USPC's alleged negligence.

Defendant United States moved to dismiss the Second Amended Complaint for lack of jurisdiction and failure to state a claim for which relief may be granted. Defendant argued it is not liable for negligence because under the public duty doctrine, the FBI and USPC did not owe these particular Plaintiffs a duty. Defendant also argued it had not waived its sovereign immunity under the FTCA for its employees' discretionary acts, such as using an informant or supervising a parolee. Defendant also contended it had not waived its sovereign immunity for claims based on misrepresentations.

Plaintiffs responded that a special relationship existed between the FBI, USPC, and Perry such that the federal entities had a duty to supervise Perry and warn others of his propensity to commit fraud. Plaintiffs also argued that while the decision to use Perry as an informant was discretionary, supervising his behavior was operational and therefore not

subject to the discretionary function exception under the FTCA.

   This Court granted Defendant's motion to dismiss. (Order (Doc. #23) dated July 28, 2005.) The Court concluded the FBI and USPC's actions were discretionary in nature and the United States had not waived its sovereign immunity under the FTCA for its employees' discretionary acts. (Id.) Specifically, the Court noted Plaintiffs failed to identify a federal statute, regulation, or policy that specifically prescribed how the FBI must handle an informant or how the USPC must supervise a parolee. (Id. at 5, 10.) Further, the Court found the FBI's use and supervision of an informant and the USPC's supervision of a parolee are the sort of discretionary judgments the FTCA's discretionary function exception was meant to shield from liability. (Id. at 5, 10-11.)

   Four days before the Court entered its Order dismissing the case, Plaintiffs filed a motion for leave to amend the Second Amended Complaint. Plaintiffs attached to the motion a proposed Third Amended Complaint which added the following allegations:

- The FBI "amended and/or erased the computerized criminal record of Franklyn Perry so that, for anyone checking a criminal record for Franklyn Perry, it would appear [he] had no history of criminal convictions, and specifically, no history of convictions for operating a fraudulent Ponzi scheme." (Pls.' Mot. for Leave to Am. Compl. (Doc. #22), Third Am. Compl. ¶ 12.)

- "In early 2001, the F.B.I. and the U.S.P.C. finally discovered that Franklyn Perry was operating a fraudulent Ponzi scheme out of his office in Las Vegas, and the F.B.I. and the U.S.P.C. failed to take any action to report the Ponzi scheme or to stop the Ponzi scheme, or to warn any actual or potential victims of the Ponzi scheme." (Id. ¶ 15.)

- The FBI and USPC breached their duties of care owed to Plaintiffs by "failing to report or stop this Ponzi scheme, or warn actual or potential victims thereof, after finally discovering the fraudulent scheme in early 2001." (Id. at ¶ 406(d).)

Defendants opposed the motion for leave to amend, asserting this Court's Order dismissing the case disposed of the motion to amend. (Fed. Def.'s Opp'n to Mot. to Amend J. (Doc. #27).)

   Plaintiffs thereafter filed a motion to alter or amend the judgment. (Pls.' Mot. to Alter or Am. J. (Doc. #26).) Plaintiffs contended the new allegations in the proposed Third

Amended Complaint were sufficient to avoid dismissal.  Further, Plaintiffs argued the Second Amended Complaint's allegation that both the FBI and USPC "breached the obligations contained in their respective Manual of Operations" referenced a specific federal statute, regulation, or policy governing how the FBI must handle an informant or how the USPC must supervise a parolee.  (Second Am. Compl. ¶ 15.)  Defendants opposed the motion, arguing the "new" allegations were re-statements of allegations Plaintiffs already made in the Second Amended Complaint.

Plaintiffs then filed an amended motion to amend judgment and attached a substituted Third Amended Complaint.  The substituted Third Amended Complaint adds the following allegations:

- In early 2001, the F.B.I. and the U.S.P.C. finally discovered that Franklyn Perry was operating a fraudulent Ponzi scheme out of his office in Las Vegas, and the F.B.I. and the U.S.P.C. failed to take any action to report the Ponzi scheme or to stop the Ponzi scheme, or to warn any actual or potential victims of the Ponzi scheme.  Additionally, the failure to report the Ponzi scheme by the F.B.I. violated the Attorney General's guidelines regarding the use of confidential informants.

    A.  Ever since 1976, the Department of Justice has maintained and supposedly enforced a set of rules referred to as "The Attorney General's Guidelines on Confidential Informants."  During the entire time that the FBI was using Franklyn Perry as a confidential informant, these guidelines were in force and effect and applied to the FBI's handling of Franklyn Perry.
    B.  These guidelines provide that when an informant engages in unauthorized, illegal activity, it is to be promptly reported to FBI headquarters and the appropriate prosecutor in the jurisdiction.  The Ponzi scheme operated by Franklyn Perry is "an illegal activity."  The FBI did discover Perry's involvement in that illegal activity prior to the time it was discovered by Las Vegas police and closed down by Las Vegas police.  Upon discovery of the Ponzi scheme by the FBI, the FBI was required by the confidential informant guidelines to immediately report the illegal activity to FBI headquarters and to the U.S. Attorney for the District of Nevada.  This the FBI utterly failed to do.
    C.  The Attorney General's guidelines on confidential informants also require that proposed confidential informants undergo thorough scrutiny for suitability before they are approved and put to use; furthermore, this scrutiny is to continue on a periodic basis thereafter.  In this case, the FBI did not undertake a thorough

4

```
                scrutiny of the suitability of Franklyn Perry for use as a confidential
                informant; also, the FBI did not, thereafter, subject Franklyn Perry
                to a subsequent scrutiny of his suitability.  If they had, they
                certainly would have realized his full-time (12 hours a day) work at
                this large Ponzi scheme.
          D.  In the introduction to the original guidelines of 1976, it is
                made clear that the nature of the relationship between the FBI
                and a confidential informant is such that a "special
                responsibility" is imposed on the FBI to properly manage the
                activities of the informant.  In this case, the FBI has breached
                that "special responsibility" by:
                      (1)  Failing to undertake the required periodic scrutiny of
                            the suitability of Franklyn Perry, which scrutiny certainly
                            would have caused the discovery of his momentous
                            Ponzi scheme;
                      (2)  Failing to report to the FBI headquarters and to the
                            U.S. Attorney their discovery of Perry's illegal activity
                            constituted by the Ponzi scheme.
          Both of the above instances are direct violations of the Attorney
          General's Guidelines on Confidential Informants.
```

(Pls.' Am. Mot. to Alter or Am. J. and Substituted Third Am. Compl. or Alternative Mot. to Vacate the J. of Dismissal, Ex. A at ¶ 15.)  Plaintiffs assert the Attorney General's Guidelines are newly discovered evidence warranting relief from the Judgment.  Plaintiffs contend they only discovered the Guidelines through a September 2005 Inspector General report. (Pls.' Am. Mot. to Alter or Am. J. and Substituted Third Am. Compl. or Alternative Mot. to Vacate the J. of Dismissal, Ex. B.)  Plaintiffs argue this new evidence combined with Plaintiffs' allegations in the substitute Third Amended Complaint are sufficient to overcome the Court's grounds for dismissing the case.

Defendant responds the Guidelines are not new evidence because they have been publicly available for years.  Defendants also argue that even if the Guidelines were new evidence, dismissal still is warranted because Plaintiffs cannot show the FBI's alleged failure to report Perry's illegal activities to FBI headquarters or to federal prosecutors caused Plaintiffs' injuries.

///

///

## II.   DISCUSSION

### A.  Motion for Leave to Amend

A plaintiff may amend his or her complaint once "as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or with the other party's written consent. Id.

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Whether to grant leave to amend is within the Court's discretion. Id. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis omitted).

Because Plaintiffs have amended once as a matter of course under Rule 15(a), further amendment must be with leave of the court. Although this leave should be granted freely, the Court need not grant the opportunity to amend where amendment would be futile. Amendment would be futile in this case because Plaintiffs' new allegations do not alter the Court's conclusion that the United States has not waived its sovereign immunity for the FBI and USPC's discretionary acts in supervising Perry. Further, to the extent Plaintiffs have identified non-discretionary conduct by the FBI, Plaintiffs have not explained how the FBI's failure to follow the mandatory directives caused Plaintiffs' injuries.

As an initial matter, the Second Amended Complaint contained the substance of most of Plaintiffs' new allegations in the substitute Third Amended Complaint. For example, Plaintiffs' new allegation is that the FBI erased Perry's criminal history. In the

Second Amended Complaint, Plaintiffs alleged the FBI "assisted Perry in being able to present himself as successful, of good reputation, and without nefarious criminal or civil records" as part of the FBI's efforts to use Perry as an informant. (Am. Compl. at ¶ 12.) In the substitute Third Amended Complaint, Plaintiffs allege the FBI and USPC discovered Perry's scheme in 2001 and failed to take any action to report or stop the scheme or to warn victims. In the Second Amended Complaint, Plaintiffs alleged the FBI and USPC were negligent in failing to detect and stop the Ponzi scheme. (Id. at ¶ 12.) Plaintiffs now allege the FBI and USPC breached duties of care owed to Plaintiffs by failing to report or stop the Ponzi scheme, or to warn victims of the scheme. The Second Amended Complaint alleged the United States, acting through its agents, was negligent by failing to supervise Perry and by failing to detect or report the Ponzi scheme.

Additionally, the new allegations do not alter the Court's conclusion that the FBI and USPC's activities in supervising Perry fall within the FTCA's discretionary function exception. The FTCA waives the federal government's sovereign immunity for its employees' negligent or wrongful acts committed within the scope of their employment. 28 U.S.C. § 1346(b)(1). However, the FTCA does not waive the Government's sovereign immunity for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

Courts apply a two-part test to determine whether challenged conduct falls within the discretionary function exception. Faber v. U.S., 56 F.3d 1122, 1125 (9th Cir. 1995). First, to be discretionary the action must involve "a matter of choice for the acting employee." Berkovitz by Berkovitz v. U.S., 486 U.S. 531, 536 (1988). "Thus, the discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." Id. If the challenged

conduct involves an element of judgment, the court must determine whether that judgment "is of the kind that the discretionary function exception was designed to shield." Id. The exception extends only to "governmental actions and decisions based on considerations of public policy," and is aimed at preventing "judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." Id. at 536-37 (quotation omitted). This two-part analysis "requires a particularized analysis of the specific agency action challenged." Kelly v. U.S., 241 F.3d 755, 760 (9th Cir. 2001).

Plaintiffs assert the Second Amended Complaint's allegation that both the FBI and USPC "breached the obligations contained in their respective Manual of Operations" sufficiently alleges the FBI and USPC's conduct was governed by an official policy and therefore was not discretionary. Additionally, Plaintiffs allege the Attorney General's Guidelines on Confidential Informants required the FBI to notify FBI headquarters and the U.S. Attorney in Nevada upon discovering Perry's unauthorized illegal activity. Plaintiffs further allege the FBI failed to do so, and this failure was not discretionary. Defendant responds that Plaintiffs' citation to operations manuals is insufficient to identify specific policies governing the FBI and USPC's conduct in this case. Further, Defendant argues that even if the FBI discovered Perry's activity and failed to report it to FBI headquarters and the U.S. Attorney General as required by the Guidelines, Plaintiffs cannot establish the failure to report caused Plaintiffs' damages.

With respect to the USPC, it is not enough for Plaintiffs to identify some source of agency policy generally. Rather, Plaintiffs must allege the USPC's Manual of Operations specifically prescribes a course of action for an employee to follow in supervising parolees which the USPC violated. Plaintiffs' allegation that the USPC "breached the obligations contained in [its] Manual of Operations" by not detecting and stopping the Ponzi scheme does not identify a specific prescribed course of action which

left the employee with no choice in how to carry out the supervisory function.  As set forth in this Court's prior Order, the USPC's supervision of probationers is the sort of judgment that the discretionary function exception was designed to shield because it involves balancing public protection with promoting the probationer's rehabilitation, including making policy decisions on matters such as public safety, allocation of scarce resources, and the likelihood of rehabilitation.  (See Order (Doc. #23) dated July 28, 2005 at 10-11.)  Accordingly, the USPC's supervision of Perry was a discretionary function for which the United States has not waived its sovereign immunity under the FTCA.

For the same reasons, Plaintiffs' allegation that the FBI breached obligations in its Manual of Operations also is insufficient.  However, with respect to the FBI, Plaintiffs identify a policy that prescribes a specific course of conduct for FBI employees.  According to the Attorney General's Guidelines, upon discovering an informant is engaging in unauthorized criminal activity, the supervisory agent must notify FBI headquarters and the U.S. Attorney.  (Pls.' Am. Mot. to Alter or Am. J. and Substituted Third Am. Compl. or Alternative Mot. to Vacate the J. of Dismissal (Doc. #28), Ex. B at 83.)  Additionally, prior to using a confidential informant, the FBI must conduct a suitability review.  (Id. at 75-79.)  The review must include a variety of factors, including the person's reliability, motivation, prior record, potential danger to the public, and flight risk.  (Id. at 76.)

Plaintiffs do not identify any requirement in the Guidelines that the FBI notify or warn actual or potential victims of the confidential informant's criminal activity even upon learning about it.  Rather, the FBI agent must notify FBI field and headquarters personnel and the U.S. Attorney upon learning the confidential informant has engaged in unauthorized illegal activity.  Thus, whether to warn actual or potential victims is a matter within the FBI's discretion not governed by a policy prescribing a particular course of conduct, and is not actionable under the FTCA.

///

1    Plaintiffs' alternate theory is that had the FBI reported Perry's illegal activity to
2  FBI headquarters and the U.S. Attorney as required, those entities would have stopped
3  Perry's illegal conduct and thus Perry could not have duped Plaintiffs into investing in his
4  scheme.  However, the Guidelines require only that the FBI agent notify FBI headquarters
5  and the U.S. Attorney.  The Guidelines do not require the FBI to arrest and prosecute the
6  confidential informant or otherwise take action to halt the confidential informant's criminal
7  activity.  The Guidelines also do not require the FBI to cease using the confidential
8  informant.  Rather, upon learning the confidential informant has engaged in unauthorized
9  illegal activity, the Guidelines suggest the FBI "reevaluate the confidential informant's
10 continuing suitability."  (Id. at 83.)  Accordingly, although the Guidelines require the FBI to
11 make certain notifications, what action to take with respect to halting the confidential
12 informant's illegal activities remains a matter committed to the FBI's discretion.

13   Assuming, as the Court must on a motion to dismiss standard, that the FBI did
14 not make the required notifications upon learning of Perry's scheme, the substituted Third
15 Amended Complaint does not allege the FBI's failure to make these notifications caused
16 Plaintiffs' injuries.  Rather, the substituted Third Amended Complaint alleges the FBI was
17 negligent "[i]n failing to detect and stop the Ponzi scheme . . . ."  (Pls.' Am. Mot. to Alter or
18 Amend J. and Substituted Third Am. Compl. or Alternative Mot. to Vacate the J. of
19 Dismissal, Ex. A at ¶ 16.)  However, the decision of whether to halt Perry's criminal
20 scheme was within the FBI's discretion, and therefore is not actionable under the FTCA.
21 (See Order (Doc. #23) dated July 28, 2005 at 5-9.)  Absent a viable allegation of causation,
22 Plaintiffs' substituted Third Amended Complaint fails to state a negligence claim.  See
23 Jordan v. State ex rel. Dep't of Motor Vehicles and Pub. Safety, 110 P.3d 30, 51 (Nev.
24 2005) (to establish negligence claim, plaintiff must show legal causation); Joynt v. Cal.
25 Hotel & Casino, 835 P.2d 799, 801 (Nev. 1992) (plaintiff must show both actual and
26 proximate causation).  See also Andrews v. U.S., 121 F.3d 1430, 1441 (11th Cir. 1997)

(holding Navy's non-discretionary failure to segregate flammable waste did not cause contamination to plaintiffs' property because Navy could have disposed flammable waste in such a way that it still would have been disposed as non-flammable hazardous waste near plaintiffs' property; thus mere failure to segregate did not cause the pollution); <u>Montijo Reyes v. U.S.</u>, 349 F. Supp. 2d 234, 239 (D. P.R. 2004) (holding plaintiffs failed to establish Army Corps of Engineer's non-discretionary failure to obtain a waiver for depositing dredge material from local environmental quality board caused plaintiffs' injuries from dust and sand blown onto their property).

Likewise, although the Guidelines require the FBI to conduct a suitability review, whether the informant is found "suitable" for use is a matter within the FBI's discretion. The suitability review itself is a balancing test involving consideration of a variety of factors, not a mechanical rule compelling a specific course of action for an FBI agent. (Pls.' Am. Mot. to Alter or Am. J. and Substituted Third Am. Compl. or Alternative Mot. to Vacate the J. of Dismissal (Doc. #28), Ex. B at 75-76.)  Whether a confidential informant is suitable is a "pivotal <u>judgment</u>" for the FBI.  (<u>Id.</u> at 78 (emphasis added).)  Assuming the FBI did not conduct initial or continuing suitability reviews as Plaintiffs allege, the substituted Third Amended Complaint does not allege that the failure to conduct the reviews caused Plaintiffs' injuries, but that the FBI's failure to detect and stop Perry's scheme caused Plaintiffs' losses.  That decision is committed to the FBI's discretion and therefore is not subject to suit under the FTCA.  Absent a viable causation allegation, Plaintiffs fail to state a negligence claim for which relief can be granted.

Plaintiffs' proposed amendments do not alter the Court's conclusion that the United States has not waived its sovereign immunity for the FBI and USPC's discretionary acts in this matter.  The Court therefore will deny Plaintiffs' motion for leave to amend their Complaint because amendment would be futile.

///

### B.  Motion to Alter or Amend Judgment

A motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) is appropriate "'if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" Circuit City Stores, Inc. v. Mantor, 417 F.3d 1060, 1064, n.1 (9th Cir. 2005) (quoting Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).

Plaintiffs contend the Attorney General Guidelines are newly discovered evidence warranting relief from judgment.  First, even if the Court considered the Guidelines newly discovered evidence, Plaintiffs' substitute Third Amended Complaint still fails to state a claim for which relief can be granted because the United States has not waived its sovereign immunity under the FTCA for its employees' discretionary acts.  Second, the Guidelines are not "new" evidence.  As Plaintiffs' own evidence demonstrates, the Guidelines have been in effect since 1976.  (Pls.' Am. Mot. to Alter or Am. J. and Substituted Third Am. Compl. or Alternative Mot. to Vacate the J. of Dismissal (Doc. #28), Ex. B at 37.)  Additionally, Defendant presents uncontested evidence the Guidelines have been publicly available for years on the United States Department of Justice's Internet website.  (Fed. Def.'s Response in Opp'n to Pls.' Substitute Third Am. Compl. (Doc. #31), Ex. 5.)  The Guidelines therefore do not constitute "new" evidence under Rule 59(e).

///
///
///
///
///
///
///

### III.     CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to Amend Complaint (Doc. #22) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Alter or Amend Judgment (Doc. #26) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Amended Motion to Alter or Amend Judgment and Substituted Third Amended Complaint or Alternative Motion to Vacate the Judgment of Dismissal (Doc. #28) is hereby DENIED.

DATED:   December 29, 2005

_____
PHILIP M. PRO
Chief United States District Judge